## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CHRISTINE KIMBALL,**

   **Plaintiff,**

**v.**                                          **Case No: 8:23-cv-01299-MSS-JSS**

**POLK STATE COLLEGE BOARD
OF TRUSTEES,**

   **Defendant.**

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Polk

State College Board of Trustees's Motion to Dismiss Count V of the Complaint, (Dkt.

10), and Plaintiff's response in opposition thereto. (Dkt. 16) Upon consideration of all

relevant filings, case law, and being otherwise fully advised, Defendant's Motion to

Dismiss Count V of the Complaint is **GRANTED**.

### I.     BACKGROUND

Plaintiff Christine Kimball initiated this action against Defendant Polk State

College on June 9, 2023. (Dkt. 1) She filed the Amended Complaint on June 15, 2023.

(Dkt. 8) In the Amended Complaint, Plaintiff alleges the following facts. Defendant

Polk State College, a postsecondary academic institution, hired Plaintiff as a user

support specialist on May 21, 2018. (Id. at ¶¶ 5, 7) Plaintiff has a hearing disability and

uses cochlear implants. (Id. at ¶ 7) Defendant knew about Plaintiff's hearing disability when Defendant hired her. (Id.)

Defendant never provided Plaintiff with an interpreter for trainings or meetings even though she asked for one. (Id. at ¶ 8) Although the cochlear implants improve Plaintiff's hearing, her hearing is "slower." (Id.) While Defendant used closed captioning for meetings, it was inadequate. (Id.) Defendant's failure to provide a reasonable accommodation for Plaintiff's disability affected Plaintiff's work performance. (Id.)

On November 19, 2019, Plaintiff suffered an industrial accident at work in which she fell and injured her right elbow, knee, and side of her head. (Id. at ¶¶ 8, 45) This accident resulted in Plaintiff's requiring numerous medical appointments, including appointments for physical therapy. (Id. at ¶ 45) Additionally, Plaintiff suffers from significant back pain. (Id. at ¶ 9) When Plaintiff complained of her back pain in December 2020, Defendant's HR Consultant, Kristen Sykes, replied that Plaintiff was "just old." (Id. at ¶¶ 8, 13)

Defendant told Plaintiff to take leave under the Federal Medical Leave Act ("FMLA") due to her physical condition. (Id. at ¶ 46) When Plaintiff was not able to secure documentation to support FMLA leave, Defendant suggested Plaintiff resign. (Id. at ¶¶ 14, 46) She refused. (Id. at ¶ 46) On January 26, 2021, Plaintiff's badge and keys were taken from her. (Id. at ¶ 14) On March 1, 2021, Plaintiff received termination papers. (Id.)

Based on these allegations, Plaintiff asserts five counts against Defendant: violations of the Florida Civil Rights Act for age and disability discrimination; violation of the Americans with Disabilities Act; violation of the Age Discrimination in Employment Act; and violation of § 440.205, Florida Statutes, which protects employees from termination in retaliation for claiming workers' compensation.

Defendant moves to dismiss Count V of the Complaint, which asserts Plaintiff's claim under § 440.205, Florida Statutes. (Dkt. 10) Defendant argues Plaintiff fails to allege sufficient facts to state a claim of retaliation.

## II.    LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must meet an exceedingly low threshold of sufficiency. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560-64 (2007) (abrogating the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In light of a motion

to dismiss, to evaluate the sufficiency of a complaint a court must accept the well pleaded facts as true and construed in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994-95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id. Thus, dismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue that precludes relief. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

## III.  DISCUSSION

Defendant asserts Plaintiff fails to sufficiently plead a claim of retaliatory termination under § 440.205, Florida Statutes. Under § 440.205, "No employer shall discharge, threaten to discharge, intimidate, or coerce any employee by reason of such employee's valid claim for compensation or attempt to claim compensation under the Workers' Compensation Law." "To establish a prima facie case of workers' compensation retaliation under section 440.205, the plaintiff must prove the following elements: (1) a statutorily protected activity, (2) an adverse employment action, and (3) a causal connection between the statutorily protected activity and the adverse employment action." Atha v. Allen P. Van Overbeke, D.M.D., P.A., 213 So. 3d 1073, 1074 (Fla. 2d DCA 2017). Defendant contends Plaintiff fails to allege a causal connection between a claim by Plaintiff under the Workers' Compensation Act and her termination.

The Court finds Plaintiff alleges insufficient facts to establish the causation element of her retaliation claim. "A plaintiff satisfies the causation element by alleging

4

facts demonstrating that 'the protected activity and the adverse action were not wholly unrelated.'" Talley v. Kenneth O. Lester Co., No. 18-cv-536, 2019 WL 13267905, at *2 (M.D. Fla. Feb. 13, 2019) (citing Brungart v. Bellsouth Telecomms., Inc., 231 F.3d 791, 799 (11th Cir. 2000)). A plaintiff must allege facts tying her workers' compensation claim to her termination. Id. Additionally, to establish a causal connection between the protected conduct and the adverse action, a plaintiff must allege the decision-maker was aware of the protected conduct. Edwards v. Niles Sales & Serv., Inc., 439 F. Supp. 2d 1202, 1228 (S.D. Fla. June 27, 2006); Eliassaint v. RTG Furniture Corp., 551 F. Supp. 3d 1293, 1310-11 (M.D. Fla. Jul. 29, 2021) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1337 (11th Cir. 1999)).

The Court finds Plaintiff alleges insufficient facts to establish the causation element of her workers' compensation retaliation claim. The only statement about workers' compensation in the Amended Complaint is as follows: "Plaintiff alleges she was terminated for having filed workers [sic] compensation claim and that therefore the Defendant retaliated by firing her . . . ." (Dkt. 8 at ¶ 44) Plaintiff alleges no specific facts about her alleged protected activity. Plaintiff's scant allegations do not support a finding that Plaintiff engaged in protected conduct, Defendant knew about the protected conduct, and Plaintiff's termination was causally related to Defendant's knowledge. Although a complaint does not need detailed factual allegations, a plaintiff must provide the "grounds" for her entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry, 497 F. Supp. 2d at 1364 (quoting Twombly, 550 U.S. at 545). Plaintiff's allegations are insufficient to satisfy

the elements of a retaliation claim. Accordingly, Plaintiff fails to state a claim for retaliation under § 440.205, and dismissal is appropriate.

## IV.  CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** Defendant Polk State College Board of Trustees's Motion to Dismiss Count V of the Complaint, (Dkt. 10), is **GRANTED**.

**DONE** and **ORDERED** in Tampa, Florida this 26th day of February 2024.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party